**FILED**
NOV 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL REYES, )
)
      Petitioner, )
)
v. ) Civil Action No. **09 2262**
)
HARLEY LAPPIN, *et al.*, )
)
      Respondents. )

### MEMORANDUM OPINION

This matter is before the Court on petitioner's *pro se* petition for a writ of mandamus and his application to proceed *in forma pauperis*. For the reasons stated below, the petition will be denied.

Petitioner states that, on September 13, 2003, he pled guilty to one count of the criminal indictment against him for violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963. Pet. at 2. He alleges that the United States Probation Officer's sentencing recommendation erroneously factored in certain prior convictions and, as a result, the guideline range under the then-applicable United States Sentencing Guidelines was increased. *Id.* at 2-3. He "prays . . . to be resentenced from level 35 category III at 210 months with 2 prior convictions counted to Level 35 without the prior conviction . . . and a total of term 188 months[.]" *Id.* at 3-4.

The Court construes the petition as a challenge to the legality of a criminal sentence. A challenge of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 683 (5th Cir. 1997)

1

(sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

The Court therefore will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ _____
United States District Judge

Date: 11/20/09

2